UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN JAY ACKER,

Petitioner,

Case No. 1:06-cv-766

v.

Honorable Robert Holmes Bell

CARMEN D. PALMER,

Respondent.

____________________________________/

**OPINION**

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed without prejudice for failure to exhaust available state-court remedies.

**Discussion**

I. Factual Allegations

Petitioner is incarcerated in the Riverside Correctional Facility. Petitioner pleaded guilty in the Allegan County Circuit Court to Operating/Maintaining a Laboratory and Fleeing and Eluding a Police Officer. On October 8, 2004, the trial court sentenced Petitioner as a third habitual offender to imprisonment of eighty-four to two hundred and forty months for the operating a laboratory conviction and sixteen to twenty-four months for the fleeing and eluding conviction.

Petitioner's counsel filed an application for leave to appeal in the Michigan Court of Appeals raising two claims: (1) the trial court incorrectly scored offense variable 2, and (2) the trial court incorrectly scored offense variable 6. On February 6, 2005, the Michigan Court of Appeals denied Petitioner's application for leave to appeal for lack of merit in the grounds presented. Petitioner claims that he filed a motion for reconsideration in the court of appeals asserting three additional claims that his counsel failed to include in the application for leave to appeal:

> I. THE SENTENCING COURT ABUSED ITS DISCRETION, WHEN IT ERRONEOUSLY ELEVATED PETITIONER'S GUIDELINES SCORING UNDER SEVERAL PRIOR RECORD AND OFFENSE VARIABLES WHICH WAS NOT SUPPORTED BY ANY FACT OR EVIDENCE OF THE CASE, THUS, DENYING PETITIONER A FAIR SENTENCING HEARING IN VIOLATION OF HIS SIXTH AND FOURTEENTH AMENDMENT RIGHT TO THE UNITED STATES AND MICHIGAN CONSTITUTIONS, SPECIFICALLY, EQUAL PROTECTION AND DUE PROCESS OF LAW.
>
> A. THE SENTENCING COURT ERRONEOUSLY SCORED PRV1; PRIOR RECORD VARIABLE;
>
> B. THE SENTENCING COURT ERRONEOUSLY SCORED PRV6, PRV7; PRIOR RECORD VARIABLES;
>
> C. THE SENTENCING COURT ERRONEOUSLY SCORED 0V2, OV3, OV 13 AND OV19; OFFENSE VARIABLES;

II. PETITIONER IS ENTITLED TO RESENTENCING, BECAUSE SCORING PRIOR RECORD VARIABLES 6-7 AND OFFENSE VARIABLES 2, 3, 13, 19 UNDER SENTENCING GUIDELINES TO INCREASE HIS SENTENCE WERE NOT PROVEN TO A JURY BEYOND A REASONABLE DOUBT OR ADMITTED BY HIS PLEA IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENT RIGHTS TO THE UNITED STATES AND MICHIGAN CONSTITUTIONS.

III. PETITIONER WAS DENIED HIS STATE AND FEDERAL CONSTITUTIONALLY PROTECTED RIGHTS TO RECEIVE EFFECTIVE ASSISTANCE OF COUNSEL, WHERE TRIAL COUNSEL FAILED TO INVESTIGATE OR PREPARE FOR PETITIONER'S SENTENCEING HEARING AND APPELLATE COUNSEL'S FAILURE TO INVESTIGATE OR RAISE SUCH CLAIMS ON PETITIONER'S DIRECT APPEAL VIOLATED HIS SIXTH AND FOURTEENTH AMENDMENTS [SIC] TO THE UNITED STATES AND MICHIGAN CONSTITUTIONS OF 1963, ART. 1, 17, § 20.

A. TRIAL COUNSEL'S INEFFECTIVENESS.

B. APPELLATE COUNSEL'S INEFFECTIVENESS.

On March 20, 2006, the Michigan Court of Appeals issued a standard, one-sentence order denying Petitioner's motion for reconsideration. (Pet., 4.) Petitioner submitted an application for leave to appeal in the Michigan Supreme Court raising the same three claims he presented in his motion for reconsideration in the court of appeals. The supreme court denied Petitioner's application for leave to appeal on August 29, 2006, because it was not persuaded that the issues should be reviewed. Petitioner now raises the same three claims in his application for habeas corpus relief.

II. Exhaustion of State Court Remedies

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77

(1971) (cited by *Duncan v. Henry*, 513 U.S. 364, 365 (1995) and *Anderson v. Harless*, 459 U.S. 4, 6 (1982)). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513 U.S. at 365-66; *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. The district court can and must raise the exhaustion issue *sua sponte*, when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138-39.

Petitioner admittedly did not raise his claims in his application for leave to appeal in the Michigan Court of Appeals. Rather, Petitioner presented his claims for the first time in his motion for reconsideration in the Michigan Court of Appeals. "[T]he fair presentation requirement is not satisfied when a claim is presented in a state court in a procedurally inappropriate manner that renders consideration of its merits unlikely." *Black v. Ashley*, No. 95-6184, 1996 WL 266421, at *1-2 (6th Cir. May 17, 1996) (citing *Castille v. Peoples*, 489 U.S. 346, 351 (1989)); *see also Long v. Sparkman*, No. 95-5827, 1996 WL 196263, at *2 (6th Cir. Apr. 22, 1996); *Fuller v. McAninch*, No. 95-4312, 1996 WL 469156, at *2 (6th Cir. Aug. 16, 1996). Petitioner's presentation of new issues in a motion for reconsideration before the court of appeals was procedurally inappropriate. *See People v. Smith*, No. 174367, 1997 WL 33343896, at *2 (Mich. Ct. App. Oct. 31, 1997) (rehearing or reconsideration is designed to correct an error by the Michigan Court of Appeals in its original decision, and ordinarily may not be used by parties to raise new claims or inject new evidence). Moreover, presenting his claim in such a manner was highly unlikely to result in a merits

review of his claims. Consequently, Petitioner failed to properly exhaust his claims in the Michigan Court of Appeals.

While Petitioner raised the same three claims in his application for leave to appeal in the Michigan Supreme Court, presentation of an issue for the first time on discretionary review to the state supreme court does not fulfill the requirement of "fair presentation." *Castille*, 489 U.S. at 351. Applying *Castille*, the Sixth Circuit holds that a habeas petitioner does not comply with the exhaustion requirement when he fails to raise a claim in the state court of appeals, but raises it for the first time on discretionary appeal to the state's highest court. *See Dunbar v. Pitcher*, No. 98-2068, 2000 WL 179026, at *1 (6th Cir. Feb. 9, 2000); *Miller v. Parker*, No. 99-5007, 1999 WL 1282436, at *2 (6th Cir. Dec. 27, 1999); *Troutman v. Turner*, No. 95-3597, 1995 WL 728182, at *2 (6th Cir. Dec. 7, 1995); *accord Parkhurst v. Shillinger*, 128 F.3d 1366, 1368-70 (10th Cir. 1997); *Ellman v. Davis*, 42 F.3d 144, 148 (2d Cir. 1994); *Cruz v. Warden of Dwight Corr. Ctr.*, 907 F.2d 665, 669 (7th Cir. 1990). Unless the state supreme court actually grants leave to appeal and reviews the issue, it remains unexhausted in the state courts. Petitioner's application for leave to appeal was denied, and, thus, the issue was not reviewed.

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). Petitioner has at least one available procedure by which to raise the issues he has presented in this application. He may file a motion for relief from judgment under Mich. Ct. R. 6.500 *et. seq*. Under Michigan law, one such motion may be filed after August 1, 1995. Mich. Ct. .R. 6.502(G)(1). Petitioner has not yet filed his one allotted motion. Therefore, Petitioner may raise his unexhausted claims in a motion for relief from judgment.

Because Petitioner has not satisfied the exhaustion requirement, his action must be dismissed without prejudice. In *Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002), the Sixth Circuit held that when the dismissal of a "mixed"[1] petition could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has exhausted his claims in the state court. The *Palmer* court indicated that thirty days was a reasonable amount of time for a petitioner to file a motion for post-conviction relief in state court, and another thirty days was a reasonable amount of time for a petitioner to return to federal court after he has exhausted his state-court remedies. *Id.; see also Rhines v. Weber*, 544 U.S. 269, 277 (2005) (approving use of stay-and-abeyance procedure, but adding requirements that unexhausted claims not be plainly meritless and that petitioner had good cause for failure to exhaust).

The instant case does not present a mixed petition because all of Petitioner's claims are unexhausted. It is unclear whether *Palmer* applies to a "non-mixed" petition. Assuming *Palmer* applies, Petitioner has a year remaining in the limitations period; thus, he is not in danger of running afoul of the statute of limitations so long as he diligently pursues his state court remedies.[2] Therefore, a stay of these proceedings is not warranted. Alternatively, Petitioner may file a new petition at any time before the expiration of the limitations period raising only his exhausted claims.

---

[1]A "mixed" petition is a petition containing both exhausted and unexhausted claims.

[2]Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). Under § 2244(d)(1)(A), the one-year limitation period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Petitioner appealed his conviction to the Michigan Court of Appeals and Michigan Supreme Court. The Michigan Supreme Court denied his application on Aug. 29, 2006. Petitioner did not petition for certiorari to the United States Supreme Court, though the ninety-day period in which he could have sought review in the United States Supreme Court is counted under § 2244(d)(1)(A). *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expires on November 27, 2006. Accordingly, Petitioner has one year, until November 27, 2007, in which to file his habeas petition. The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

**Conclusion**

In light of the foregoing, the Court will dismiss Petitioner's application pursuant to Rule 4 because he has failed to exhaust his state court remedies.

**Certificate of Appealability**

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of the State of N.Y.*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme

Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.

This Court denied Petitioner's application on the procedural ground of lack of exhaustion. Under *Slack*, 529 U.S. at 484, when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id.* The Court finds that reasonable jurists could not debate that this Court correctly dismissed the petition on the procedural grounds of lack of exhaustion. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Therefore, the Court denies Petitioner a certificate of appealability.

A Judgment consistent with this Opinion will be entered.

Dated: November 8, 2006

/s/ Robert Holmes Bell
ROBERT HOLMES BELL
CHIEF UNITED STATES DISTRICT JUDGE